By the Court.
 

 The collision herein would not have occurred had both plaintiff and defendant exercised that degree of care which reasonable and prudent persons, having due regard for the protection of others, would have exercised under the same or similar circumstances.
 

 
 *51
 
 An examination of the hill of exceptions convinces a majority of this court that, even though the defendant was negligent in stopping his automobile and then attempting to cross the intersection in the manner he did, plaintiff was also chargeable with negligence which directly contributed to the collision of the vehicles.
 

 Under Sections 6307-2 and 6307-40, General Code, defendant, prima facie at least, had the right of way at the intersection and the presumption obtains that both plaintiff and defendant knew the law. Plaintiff, after admittedly observing defendant’s automobile nearing the intersection from thé right, did not
 
 sound his horn
 
 or give any other signal or warning that he intended to pass over the intersection ahead of the defendant. Plaintiff testified that after he saw defendant’s stopped automobile, “I just kind of tramped on the gas and started on.”
 

 That plaintiff was driving at a rapid rate of speed and in disregard of what defendant might do is plainly demonstrated by the fact that he struck the rear of defendant’s vehicle with such force as to practically demolish his, plaintiff’s, automobile.
 

 The trial court was correct in entering judgment for the defendant notwithstanding the verdict for plaintiff and the Court of Appeals was in error in reversing that judgment and in entering judgment for plaintiff on the verdict.
 

 The judgment of the Court of Appeals is therefore reversed and the judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman and Taft, JJ., concur.
 

 Hart, Stewart and Turner, JJ., dissent.